Nash, C. J.
 

 The principle of preventive justice is acknowledged in our Courts of Equity, upon the doctrine that it is better to prevent wrong than to trust to remedying the evil after it is done. Upon this principle rests, in a great measure, the jurisdiction of Chancery, in legal or constructive fraud. Mr. Story, in the 1st vol. of his Equity Jurisprudence, sec.
 
 258,
 
 defines constructive fraud to mean such acts or contracts, as, although not origi nating in any actual1 evil design or contrivance to perpetrate a positive fraud or injuiy upon another, are yet by their tendency to deceive and mislead, or to violate public or private confidence, deemed equally reprehensible with positive fraud, and are, therefore, prohibited, as within the same reason- and mischief as if done
 
 malo animo.
 
 Courts of Equity, therefore, do not coniine their action to remedying the mischief occasioned by fraud, but extend it to the prevention of it. To do this, they endeavor to suppress the temptations to do wrong, by taking from the parties all legal sanctions for their acts. They do not affect to act as
 
 custodes morum
 
 of the community, by enforcing the rules of strict morality ; and to authorize their interference, some relation of trust or confidence must exist between the parties,
 
 “
 
 which compels the one to make a full discovery to the other, or to abstain from all selfish purposes.”' The cases coming under the operation of this principle are by writers divided into three classes : 1, where the'contract is against public policy j 2, where it arises from some judiciary relation ; and 3, where it is a fraud upon the rights of third persons. The case we are considering
 
 *265
 
 belongs to the second class, under which is, among others, the relation of guardian and ward, principal and agent, trustee and
 
 cestui que tntst.
 
 In all cases arising under either, the power of the Court arises from the confidence imposed by the relation existing between the parties ; and it acts, not upon the idea or proof that there has been actual fraud or imposition, but upon the principle that where confidence is imposed, it must be faithfully acted on and preserved from any suspicion of overreaching, and be always restrained to good faith, and the personal good of the party reposing the confidence. It is, therefore, in every contract arising out of such judiciary relation necessary for the guardian, agent or trustee claiming its benefits, to prove its
 
 “
 
 perfect fairness.” So stringent indeed is the rule, that Lord EldoN, in
 
 Hatch
 
 v. Hatch, 9 Ves. 296, observes — a It is almost impossible that a transaction entered into, in the course of the connection of guardian and ward, trustee and
 
 cestui que trust
 
 purporting to be a bounty for the execution of an antecedent duty, can stand.” Equity, however, does
 
 not forbid
 
 a bounty in such, cases, but it will not sanction it, unless
 
 entirely
 
 satisfied that it is spontaneous, and not the impulse of a mind misled by undue kindness, or forced by oppression. Such transactions are, therefore, watched with a jealousy which will defeat most of them when made whilst the connection exists, and the accounts are unsettled. In
 
 Boyd
 
 v.
 
 Hawkins,
 
 2 Dev. Eq. 195, where these principles are strongly and clearly expressed, as one of the grounds upon which the Court acted, it is stated as a principle, that when at the time of the transaction the
 
 cestui que trust
 
 was ignorant of the value of the property conveyed, the transaction Avas void. See also
 
 Allen
 
 v.
 
 Bryan,
 
 7 Ire. Eq. 276. The plaintiff and the defendant Costin stood in the relation to each other of
 
 trustee
 
 and
 
 cestui que trust.
 
 The defendant was the administrator of.W. S. Baxter, and_ his wife and the plaintiff were the next of kin to the deceased. An action had been brought to recover a large debt due the estate, and tvhile in this situation, the transfer alleged by the defendant took place. It was proved by the subscribing witness to the transfer, that the evening before its execution Costin told him that he had a suit with William Baxter, and in order to gain it, he wanted his mother-in-law tb assign her interest in that estate ;
 
 *266
 
 but that nothing was said about it at the time he
 
 witnessed the
 
 paper.
 

 The plaintiff, living in the defendant’s family, was old, in very moderate circumstances, and dreaded getting into a lawsuit, being unwilling to run any risk of paying costs. She had great confidence in, and affection for, the defendant Costin, who had married her only daughter. The accounts of the estate were unsettled, and she did not know what would be her share, if a recovery were effected against William Baxter. It is precisely one of those cases in which a donation from the
 
 cestui que trust
 
 to the trustee is viewed by a Court of Equity with great suspicion — requiring from a defendant to show
 
 “
 
 its perfect fairness. ’ ’ Here there is an entire absence of such proof. The repeated declarations of the plaintiff as to her intention of giving her property to the defendants only shows the state of her feelings towards them ; but they cannot go the length of satisfying the Court that, poor as she was, she would have been willing to give them so large a sum as her distributive share actually amounted to, and to leave herself so destitute in her old age. It is very likely that Costin himself did not know whát it would amount to when the accounts of W. S. Baxter were taken ; but he had a general knowledge on the subject, and there is no proof to show that he communicated what he did know to the plaintiff. Without, therefore, imputing to Mr. Costin any fraudulent design at the time the tranfer was made, the Court cannot permit it to stand, because we are not satisfied that it was done by the plaintiff, in the language of Lord EldoN,
 
 u
 
 with a fair, serious and well-informed consideration ” of its nature and effect. To sustain it under these circumstances would be to open the door to much fraud and oppression in transactions of this kind.
 

 The plaintiff is entitled to the relief she seeks, and a reference must be had to the Clerk to audit the accounts of the defendant, Costin, as administrator of W. S. Baxter, his intestate.
 

 Per Curiam. Decree accordinglyt